IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01-cr-27 |
| | ) | |
| RASHAAN P. HALL | ) | |

**MEMORANDUM AND ORDER**

In response to the court's Scheduling Order, the probation office has submitted a Memorandum Regarding Retroactivity for the above-named defendant, recommending that the retroactive amendment to the crack cocaine guidelines does not apply to this defendant because the sentencing court determined that the defendant was a career offender. Both the defendant, through the Federal Defender Service, and the government have filed responses to the probation office's Memorandum [doc. 56 and 58]. The government agrees with the probation office's assessment, but the defendant moves for application of the retroactive crack guidelines to his sentence.

The defendant argues that the new crack cocaine amendment should apply to his sentence because the sentencing court erroneously applied the career offender guidelines. The defendant submits that two of his prior

convictions – escape and possession of cocaine – are not predicate offenses for career offender status. He argues that his conviction for "escape in the second degree" does not qualify as a predicate offense under the Supreme Court's decision in *Chambers v. United States*, 129 S. Ct. 687 (2009). As to his cocaine possession conviction, the defendant contends that the offense does not meet the career offender definition of "controlled substance offense." If the court adopts the defendant's arguments regarding both of these convictions, then he is no longer a career offender and the crack cocaine amendment would apply to his sentence. Thus, the defendant is collaterally attacking his designation as a career offender within the framework of the retroactive crack cocaine guidelines.

A district court, however, is authorized to modify a defendant's sentence only when the court is expressly granted the jurisdiction to do so. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Jurisdiction under 18 U.S.C. § 3582(c) is narrow; the district court cannot grant any relief unless the sentencing range has been modified and lowered by the Sentencing Commission, and the modification is to be applied retroactively. 18 U.S.C. § 3582(c)(2); *Perdue*, 572 F.3d at 290-91. The relief the defendant seeks – a finding that he is not a career offender – is not available since there has been no Sentencing Commission modification to the career offender guidelines. Absent that relief, the court finds that the retroactive amendment to the crack cocaine

guidelines does not apply to the defendant because he was sentenced as a career offender. *Perdue*, 572 F.3d at 293.

The defendant has filed a supplement to his motion suggesting that one of his prior offenses, a felony escape, was a "walk-away" escape, and it might change the court's conclusion about his career offender status. The court finds that it has no authority to revisit the determination that the defendant was a career offender.

Therefore, it is hereby **ORDERED** that the defendant's motion for a reduction in his sentence pursuant to § 3582(c) is **DENIED**.

ENTER:

     *s/ Leon Jordan*
United States District Judge