UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| RASHAAN HALL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 2:01-cr-027 |
| | ) | | 2:10-cv-180 |
| | ) | | *Jordan* |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Rashaan Hall ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the following reasons, the § 2255 motion to vacate will be **DENIED**, and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.     Factual Background

Petitioner pleaded guilty to five counts of distribution of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). He was sentenced as a career offender to concurrent terms of imprisonment of 164 months. The sentence included a downward departure on motion of the government for substantial assistance. Petitioner did not objection to his classification as a career offender nor did he appeal his sentence. In support of his § 2255 motion, petitioner alleges he was improperly classified as a career offender.

## III.    Discussion

For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). Petitioner was determined to be a career offender based upon three predicate offenses for robbery, escape, and possession of cocaine. [Criminal Action No. 2:01-cr-27, Presentence Investigation Report, pp. 6-7, ¶¶ 34, 35 & 38].

Petitioner concedes that his robbery conviction was a predicate offense for career offender status. Petitioner contends, and the government concedes, that his conviction for possession of cocaine was not a predicate offense for career offender status. That leaves his conviction for escape as one of the required two predicate offenses for career offender status. Based upon the Supreme Court decision in *Chambers v. United States*, 555 U.S. 122 (2009), and the Sixth Circuit decision in *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), petitioner claims that his escape conviction can no longer qualify as a predicate offense.

In *Chambers*, the Court held that the defendant's escape conviction based upon a "failure to report" for prison did not qualify as a "violent felony" for purposes of sentencing as an armed career criminal. 555 U.S. at 124. Based upon *Chambers*, the Sixth Circuit in *Ford* determined that a conviction for second-degree escape under Kentucky law was not a predicate offense for career offender status because the offense included a "'walkaway' escape." 560 F.3d at 422-26.

Petitioner's escape conviction was based upon his walking away from a detention facility. He therefore argues that he is entitled to relief based upon a retroactive application of *Chambers*. The government concedes that, if *Chambers* applies retroactively on collateral review, "petitioner's escape conviction no longer qualifies as a predicate offense for his career-offender classification." [Criminal Action No. 2:01-cr-27, Doc. 74, Response, p. 7

3

n.3]. The government nevertheless insists that petitioner's claim is not cognizable under § 2255 because it is of neither jurisdictional nor constitutional dimension.

The Supreme Court has not yet said whether *Chambers* is retroactive. As the Sixth Circuit has noted, it "has not yet addressed the retroactive applicability of *Chambers*, and district courts in this Circuit have divided on the issue." *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir. 2011) (citations omitted). In *Gibson*, however, the Court found it unnecessary to address the issue of whether *Chambers* applies retroactively because it found the defendant had procedurally defaulted his claim and thus was not entitled to relief under § 2255. *Id*. at 466 ("[W]e do not reach the issue of *Chambers'* retroactive effect because Defendant faces an additional impediment to obtaining habeas relief – procedural default.").

> Defendant challenges his designation as a career criminal for the first time in this proceeding, after failing to bring a direct appeal of his sentence. "Failure to file a direct appeal raising the career offender issue results in a procedural default." Thus, to prevail on his request for habeas relief under 28 U.S.C. § 2255, Defendant must demonstrate that "(1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent."
>
> ...
>
> Because Defendant procedurally defaulted his habeas claims, and failed to establish cause and prejudice to excuse his procedural default, the district court did not err when it denied Defendant leave to amend his pleadings to state a claim under 28 U.S.C. § 2255 on grounds that amendment would be futile.

*Id*. at 566-67 (quoting, respectively, *King v. United States*, 199 F. App'x 524, 526 (6th Cir. 2006); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)).

4

As noted, petitioner in this case did not previously object to his classification as a career offender nor did he appeal his sentence. Accordingly, petitioner has procedurally defaulted his claim that he is not a career offender. In addition, petitioner, like the defendant in *Gibson*, "has also failed to advance any other arguments regarding cause, prejudice, or actual innocence to explain why his procedural default should be excused." *Id*. at 466. The Court notes that "actual innocence" refers to "innocence" of the underlying offense, not "innocence" of a sentencing error. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

## IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Leon Jordan
                                       United States District Judge